THE AMERICA.

THE INDIAN RIDGE.

(Circuit Court of Appeals, Second Circuit. May 24, 1900.)

No. 155.

1. COLLISION—TOW AND ANCHORED VESSEL—NEGLIGENCE OF TUG.

A tug having three tows, single file, on hawsers over 1,000 feet in length, failed to discover the lights of an anchored vessel until within 1,000 feet, although they could have been seen for a half mile or more; and then changed her course, but so late that she barely missed the anchored vessel, and the leading tow, under the influence of the tide, came in collision with it. Held, that the tug was in fault for the collision in not sooner seeing the lights and changing her course.

2. SAME—CONTRIBUTORY FAULT OF TOW—DUTY TO KEEP LOOKOUT.

Tows, like other vessels, must exercise ordinary skill and vigilance to avoid collision; and a tow being navigated in greatly-frequented waters, on a line 1,000 feet long, cannot safely depend entirely upon the tug, but it is her duty to keep a lookout, and to be prepared to cut her hawser if necessary to prevent a collision, and her failure to exercise such precautions, which would have enabled her to avoid a collision resulting from the negligent navigation of the tug, is a fault contributing to such collision.

Appeal from the District Court of the United States for the Eastern District of New York.

Samuel Park, for appellants.

James Armstrong, for appellees.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. We are unable to accept the theory of the collision which is put forward in behalf of the America, and agree with the findings of the district judge that it was not caused by any deviation by the Indian Ridge in following the course of the tug, but was caused by the fault of the tug in not earlier changing her course towards the eastward, to avoid the Suzanne, then lying at anchor in a proper place. The collision took place in a clear evening. The ship Suzanne was within the anchorage grounds off Staten Island. Her bow pointed northward, and her anchor light was burning, and could have been seen by approaching vessels for a distance of half a mile or more. The tug America, with three barges in tow, single file, on hawsers of over 1,000 feet in length, the Indian Ridge being the barge nearest the tug, proceeded with her tows at a speed of seven or eight miles an hour on a course about S. W. by S., until she got within the anchorage grounds. She did not observe the Suzanne until she was within 1,000 feet of her. She then immediately changed her course two points or more to port, in the effort to get to the eastward, outside the anchorage grounds, and avoid the Suzanne. She passed quite near, but safely across, the bow of the Suzanne; but the ebb tide, which was running about three miles an hour, caused her tows to set towards the Suzanne. It is doubtful whether from the time the America changed her course to the eastward it would have been possible for the Indian Ridge to escape the Suzanne by any change of

course to port. The Indian Ridge had no lookout. Her master and one of her hands were on deck, but they were both in the pilot house steering after the tug, and were paying no attention to anything else. When the America changed to port, they changed the course of the Indian Ridge correspondingly, and the Indian Ridge followed the tug until her master saw the Suzanne, then not over a couple of hundred feet away, when, deeming collision to be inevitable, he hard ported the wheel of the Indian Ridge in the hope of lessening the shock.

With the two heavy barges pulling behind her, the Indian Ridge could not have materially changed her course in the short time which intervened between porting her wheel and the collision, and that maneuver, if an error at all, was harmless and in extremis. Nevertheless she cannot be exonerated from contributory fault. If she had maintained vigilant observation, she could have discovered the Suzanne before the tug changed her course to port, and there would have been time to permit her hawser to be cut, even if no other means of avoiding a collision were practicable. There would have been time to do this when the tug went to port. At that time it would have been apparent to those in charge of the Indian Ridge, if they had used their faculties, that unless some effective measure was immediately taken she would be carried by the tide and the course of the tug against the Suzanne. A tow on so long a hawser, navigating a much frequented channel, where water craft of all descriptions, moving and lying by, are liable to be encountered, should be provided with the means of severing her hawser in case of an emergency rendering that necessary. Whether the Indian Ridge was thus equipped does not appear. If she was not she should have been, and if she was she incapacitated herself from using them by her own neglect. She did not see the Suzanne until it was too late to cut a hawser or do anything else to avoid her. The failure to have a lookout by a tow may, under some circumstances, be culpable (The Virginia Ehrman and The Agnese, 97 U. S. 315, 24 L. Ed. 890), and we think the present to be one of the cases in which it should be held to be so. Tows, like other vessels, must exercise ordinary skill and vigilance, and, while being navigated in greatly frequented waters, are bound to use care and precautions commensurate with the increase of risk of collision from the greater number of craft likely to be met. A tow, using in such waters a hawser one-sixth of a mile long, ought to anticipate that contingencies of navigation may require her to rely on her own precautions for her own safety and the safety of other vessels, and not depend exclusively upon those which may be exercised by the tug. We think the court below should have apportioned the loss between the Indian Ridge and the America, and decreed in favor of the libelant against both.

The decree is accordingly reversed, with costs to the appellant as against the Indian Ridge, and with instructions to the court below to decree conformably with this opinion.